# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-617-SMY |
| | ) |
| KEVIN KINK, | ) |
| NICK LAMB, | ) |
| A BLAKE, | ) |
| L. LIVINGSTON, | ) |
| JOHN DOE CORRECTIONAL | ) |
| OFFICER #1, | ) |
| JOHN DOE CORRECTIONAL | ) |
| OFFICER #2, | ) |
| JOHN DOE NURSE #1, | ) |
| JOHN DOE NURSE #2, | ) |
| JOHN DOE NURSE #3, | ) |
| GOWNS, | ) |
| INBODEN, | ) |
| BRASHEAR, | ) |
| MCQUEEN, | ) |
| and JOHN DOE CORRECTIONAL | ) |
| OFFICER #3, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James E. Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants deprived him of property without due process of law.

1

This case is now before the Court for preliminary review of the Amended Complaint[1] pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Amended Complaint**

Plaintiff makes the following allegations in his Amended Complaint (Doc. 8): While at Lawrence, Plaintiff receives $10 per month from the State of Illinois in unassigned pay. (Doc. 8, p. 11). During lockdowns at Lawrence, that unassigned pay is confiscated despite Plaintiff not being responsible for the lockdown or receiving any hearing or due process before losing the funds. Plaintiff's unassigned pay was confiscated during a June 2017 lockdown. Nick Lamb, Gowns, and Iboden denied Plaintiff's grievances related to the confiscation. (*Id.*).

Plaintiff has also had property taken from his cell without due process. In December 2016, John Doe #1 conducted a search of Plaintiff's legal storage box and removed legal documents and case law purchased from the library at Menard Correctional Center. (Doc. 8, p. 11). Plaintiff did not receive a shakedown slip for the confiscation, and Lamb denied his grievance related to the confiscation.

In May 2018, Defendant McQueen conducted a "selective" shakedown of Plaintiff's cell in retaliation for Plaintiff filing a number of grievances. (Doc. 1, pp. 11-12). McQueen confiscated a power adopter, 15-20 ink pens, and a hair trimmer that had been purchased at Menard. (*Id.* at p.

---

[1] Plaintiff filed his original Complaint (Doc. 1) on May 30, 2019 but later sought to amend his Complaint in order to correct the exhibits that he believes were filed incorrectly. Plaintiff filed his Amended Complaint (Doc. 8) on June 13, 2019.

12). McQueen failed to record the adapter and ink pens on the shakedown slip. Kevin Kink, L. Livingston, and Brashear were aware of the confiscation but refused to take action.

Plaintiff was subject to another shakedown in July 2018 conducted by John Doe #2. (Doc. 8, p. 12). When Plaintiff returned to his cell after the shakedown, he noticed that his headphone cord was broken off into his television. John Doe #2 failed to document the damage on the shake down slip and failed to reimburse Plaintiff for the damaged property. (*Id.*).

In August 2018, Plaintiff's extension cord, which he purchased at the commissary from John Doe #3, was deemed defective and dangerous by Plaintiff. Plaintiff wrote a grievance regarding the defective cord. L. Livingston and Kevin Kink denied the grievance and neither Livingston, Kink, nor John Doe #3 corrected the issue.

Plaintiff also alleges that his funds were improperly restricted by several Jane Doe Nurses at Lawrence: On April 12, 2017, Plaintiff's funds were restricted because Jane Doe #1 made him sign a voucher for a co-pay during his visit despite the fact that his medical condition was chronic and he did not have to pay a co-pay. (*Id.* at pp. 12-13). Jane Doe #1 never reimbursed Plaintiff for the co-pay. In August 2018, Plaintiff's funds were again restricted as a result of a healthcare visit with Jane Doe #2. His funds were restricted in November 2018 when he signed a co-pay voucher during a healthcare visit with Jane Doe #3. None of the Jane Doe nurses reimbursed Plaintiff for the co-pays. Nick Lamb also failed to provide Plaintiff with any relief. (*Id.* at p. 13).

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** **Fourteenth Amendment claim against Lamb, Gowns, and Iboden for the deprivation of Plaintiff's unassigned pay without due process.**
>
> **Count 2:** **Fourteenth Amendment claim against John Doe #1, John Doe #2, John Doe #3, McQueen, Kink, Livingston, Lamb, and**

>> **Brashear for deprivation of Plaintiff's property without due process.**
>
> **Count 3:** **First Amendment claim against McQueen for selectively shaking down Plaintiff's cell in May 2017 in retaliation for filing grievances.**
>
> **Count 4:** **Fourteenth Amendment claim against Jane Doe Nurses #'s 1-3 and Lamb for confiscating Plaintiff's funds to pay his healthcare co-pay without due process.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

## Discussion

### Preliminary Dismissals

Although Plaintiff identified A. Blake as a defendant in his original Complaint, he is not listed as a defendant in the Amended Complaint (Doc. 8). Accordingly, the Clerk of Court is **DIRECTED** to terminate A. Blake as a defendant.

### Counts 1 and 2

Plaintiff alleges his personal property and unassigned pay were confiscated without due process. If the state provides an adequate remedy, Plaintiff has no colorable claim under the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. See, *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Turley v. Rednour*, 729 F.3d 645, 653

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

(7th Cir. 2013) (recognizing that the "Court of Claims has consistently awarded prisoners "back pay" when they were denied their stipend during unlawful confinement in segregation"); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993) (inmate had adequate post-deprivation remedy through the Illinois Court of Claims for lost and destroyed materials, including legal papers, confiscated during shakedown). Thus, Plaintiff must pursue his claims for lost or damaged property in the Illinois Court of Claims. Counts 1 and 2 will therefore be **DISMISSED with prejudice**.

### Count 3

Plaintiff has stated a viable claim for retaliation against McQueen as he alleges McQueen shook down his cell and confiscated personal property in retaliation for Plaintiff filing a number of grievances. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005); *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012). Accordingly, Count 3 will proceed against McQueen.

### Count 4

Plaintiff fails to state a claim with respect to the co-pays he alleges were improperly confiscated during his visits to the healthcare unit. An inmate's constitutional rights are not violated by the collection of a fee for prison medical services. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution"). As is the case with Plaintiff's claim for lost and damaged property, Illinois provides an adequate post-deprivation remedy for the claims asserted in Count 4 through an action for damages in the Illinois Court of Claims. Therefore, Plaintiff's claim against the Jane Doe Nurses and Lamb is **DISMISSED with prejudice.**

**Pending Motions**

In his Motion for Counsel (Doc. 3), Plaintiff indicates that he has sent letters to several attorneys but he has not received any responses. He asserts he needs counsel because he has an intellectual disability and it is difficult for him to comprehend things quickly. Given the early stage of this litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Therefore, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

**IT IS HEREBY ORDERED** that Counts 1, 2, and 4 are **DISMISSED with prejudice**. The Clerk is **DIRECTED** to terminate Lamb, Gowns, Iboden, John Doe #1, John Doe #2, John Doe #3, Kink, Livingston, Brashear, Jane Doe #1, Jane Doe #2, and Jane Doe #3 from the Court's Case Management/Electronic Case Filing ("CM/ECF") system. Defendant A. Blake is **DISMISSED without prejudice** and the Clerk is **DIRECTED** to terminate him from CM/ECF. Count 3 shall proceed against McQueen.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant McQueen: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6)

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/2/2019**

                                              */s/ Staci M. Yandle*
                                              **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the Defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**