### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES E. WALKER,

        Plaintiff,

v.                                       **Case No. 19-cv-617-DWD**

ETHAN McQUEEN, TREY BRASHEAR,
B. LOY, and JOHN DOE #1,

        Defendants.

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

      This matter is before the Court on Plaintiff James E. Walker's Motion for Leave to File a Third Amended Complaint (Doc. 47). Walker seeks to add claims against B. Loy and John Doe #1. John Doe #1 was previously dismissed for failure to state a claim in his Second Amended Complaint (*See*. Doc. 33).

      Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Walker has already filed an Amended Complaint, thus he must now seek to amend his complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires." Any new claims are also subject to a review of the merits pursuant to 28 U.S.C. § 1915A.

Walker was previously allowed to proceed on the following Count:

**Count 3:**   **First Amendment claim against Brashear and McQueen for selectively shaking down Plaintiff's cell in May 2018 in retaliation for filing grievances.**

(Doc. 33, p. 3).

He previously tried to add a retaliation claim against John Doe #1 for failing to respond to his grievance (Count 6) (*See* Doc. 33, p. 4). In his newly proposed Third Amended Complaint, he again seeks to bring a retaliation claim against John Doe and now B. Loy. Walker alleges that he placed his grievance regarding McQueen's actions in the counselor box which John Doe #1 then took in retaliation to prevent him from filing additional grievances. The grievance was never delivered to the grievance office nor was it returned. B. Loy then failed to process other grievances out of retaliation and then delayed a response so that the grievance was deemed out of time. Count 6 is, thus, amended as follows:

**Count 6:**   **B. Loy and John Doe #1 delayed and mishandled Walker's grievance in retaliation for Walker using the grievance process.**

The Court previously noted that the mishandling or denying of grievances by those not personally involved in the underlying constitutional violation does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Further, there is no protected due process right in the grievance process. *Owens*, 635 F.3d at 953-54; *George*, 507 F.3d at 609. But Walker alleges that B. Loy and John Doe #1

mishandled his grievances in retaliation for Walker pursuing his complaints through the grievance process. This allegation does state a claim and Walker is allowed to proceed on his claims in the amended Count 6.

Accordingly, the motion to amend (Doc. 47) is **GRANTED**. The Clerk is **DIRECTED** to **FILE** Walker's Third Amended Complaint and **SERVE** B. Loy in accordance with the threshold order (Doc. 9). Once B. Loy enters his appearance he shall have 60 days from the date of his Answer to file a motion for summary judgment for failure to exhaust administrative remedies (Doc. 45).

As to John Doe #1, Walker can pursue discovery related to his identity from the current Defendants. Such discovery shall proceed as follows:

Walker shall have until **December 16, 2021,** to produce to Defendants any information he possesses which will help identify John Doe #1, including but not limited to: physical description, specific job assignment, partial name/nicknames, and locations and dates where he interacted with the John Doe.

Defendants shall have until **January 4, 2022,** to produce to Walker the identity of the John Doe or, if Defendants are unable to make a specific identification, any document or information which would assist in the identification of the John Doe; Defendants are not required to produce photographs of employees or inmates.

Walker shall have until **January 18, 2022,** to file a motion to substitute a specific Defendant for the John Doe or, if the John Doe remains unidentified, to file a motion specifying additional steps that can be taken to identify the John Doe. **Failure to file a motion to substitute by this date will result in the dismissal of the John Doe without prejudice.**

Because the new defendants have yet to be served or file Answers, it is not known at this time whether either defendant will raise exhaustion as an affirmative defense. Accordingly, the Court will wait to enter a merits discovery schedule until the newly added defendants file their Answers. Discovery on the merits of Walker's claims remains **STAYED.**

**IT IS SO ORDERED.**

**DATED:**   November 18, 2021

_____
DAVID W. DUGAN
U.S. District Judge